F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  OCT 04 2017  ★

LONG ISLAND OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Gary Leuis behalf of himself
and all others similarly situated,

**Plaintiff,**

v.

Capital Management Services, L.P.,

**Defendant.**

# CV17 5815
No.

**CLASS ACTION**

**Jury Demanded**

FEUERSTEIN, J.

LOCKE, M. J.

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1.  Plaintiff Gary Leuis ("Plaintiff" or "Leuis") files this Complaint seeking redress for the illegal practices of Defendant, Capital Management Services, L.P. ("Defendant" or "CMS"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.  CMS sent deceptive debt collection forms letters that misinformed the consumers, including the Plaintiff, about the amount of the alleged debt. The Defendant failed to inform the consumers, including the Plaintiff, that the creditor was still assessing interest on the account, and that the creditor may seek a higher amount for the alleged debt in the future.

**Parties**

1

3. Plaintiff Gary Leuis is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services.

6. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for Plaintiff to attend school.

7. Defendant is regularly engaged in the collection of debts allegedly due to others.

8. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

2

13. Capital Management Services, L.P. ("CMS") alleges that Plaintiff owes Citibank money for a defaulted loan.

14. In an attempt to collect the alleged debt, on or about October 29, 2016 Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

15. Plaintiff received <u>Exhibit A</u>.

16. <u>Exhibit A</u> seeks to collect a total of $4,32166 for the alleged debt.

17. <u>Exhibit A</u> does not inform the Plaintiff that based upon the contract between Plaintiff and the original creditor, the original creditor was still assessing interest on the account.

18. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to indicate whether the alleged amount due is owed as principal, interest, or some other charge. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). Exhibit A fails to indicate that the original creditor was still assessing interest on the account. Exhibit A fails to state whether the Plaintiff is going to continue to accumulate interest, or incur other costs.

19. In an attempt to collect the alleged debt, on or about May 19, 2017 Defendant sent Plaintiff a debt collection letter. **(Exhibit B)**

20. **<u>Exhibit B</u>** seeks to collect a total of $4,32166.

21. Exhibit B states:

Original Creditor CITIBANK NA
Current Creditor  CITIBANK NA
ACCOUNT #  XXX7797
Description ST JOHN'S UNIVERSITY
Amount Due at Charge-Off   $4,321.66
Interest Accrued Since Charge-off   $0.00

Payments Made Since Charge Off    $0.00
Current Amount Due  $4,321.66

22. Exhibit B violates 15 USC 1692e, and various subdivisions thereto, in that it fails to indicate whether the alleged amount due is owed as principal, interest, or some other charge. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). Exhibit B fails to indicate that the original creditor was still assessing interest on the account. Exhibit B fails to state whether the Plaintiff is going to continue to accumulate interest, or incur other costs.

23. Exhibit B  does not inform the Plaintiff whether interest was continuing to accrue on this account.

24. Exhibits A and B falsely informs consumers, that interest stopped accumulating on the account.

25. Plaintiff alleges that he does not owe the alleged debt, or any debts to Citibank, and that the attempted collection of such was false, deceptive, unfair, and harassing, and violated the 15 USC 1692e, f, d and the subdivisions thereto.


### *Class Action Allegations*

26. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.
>
> b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class

4

members.  These common questions include whether <u>Exhibits A and/or B</u> violate the FDCPA.

   c.  The claims of Plaintiff are typical of the class members' claims.  All are based on the same facts and legal theories.  The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d.  Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

27. A class action is superior for the fair and efficient adjudication of the class members' claims.

28. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

29. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

5

32. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A and/or Exhibit B</u> attached to Plaintiff's Complaint ; (d) which was not returned by the postal service as undeliverable.

33. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## <u>Violations of the Fair Debt Collection Practices Act</u>

34. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## <u>Class Allegations Related to Exhibit A & B</u>

35. By sending Exhibit A, the Defendant violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), f, and f(1) by falsely indicating that the Plaintiff owed $4,321.66 without indicating that interest continued to accrue on the account.

36. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

37. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

38. The Defendant is also liable to Plaintiff for violating 15 USC 1692e, f, and d, and the various subdivisions thereto for attempting to collect a debt that was not owed. In Exhibit B, Defendant falsely stated that the Plaintiff owed this debt to St. Johns University.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

    (C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

    (E) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip, New York
       September 27, 2017

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

7